# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DWAIN COLVIN | § | |
| | § | |
| V. | § | CIVIL NO. A-18-CV-854-RP |
| | § | |
| LORIE DAVIS | § | |

## ORDER

Before the Court is Petitioner's application for habeas corpus relief in which he challenges his holding conviction in cause number D-1-DC-14-201166 out of Travis County, Texas. Petitioner, proceeding pro se, has paid the applicable filing fee for this case. For the reasons set forth below, Petitioner's application is dismissed as time-barred and alternatively denied on the merits.

## I. STATEMENT OF THE CASE

A.  Petitioner's Criminal History

According to Petitioner, the Director has custody of him pursuant to a judgment and sentence of the 403rd Judicial District Court of Travis County, Texas. Petitioner was convicted of Driving While Intoxicated Enhanced and was sentenced to eight years' imprisonment on June 20, 2014. Petitioner did not appeal his conviction or sentence. He did, however, challenge his conviction in a state application for habeas corpus relief. Petitioner indicates he filed the application on May 15, 2018.[1] The Texas Court of Criminal Appeals denied the application on July 18, 2018. *See Ex parte Colvin*, No. 88,603-01.

---

[1] State court records indicate Petitioner executed the state application on May 8, 2018.

B.  Petitioner's Ground for Relief

Petitioner raises only one ground for relief. Petitioner asserts his criminal history was wrong, resulting in Petitioner's conviction being enhanced. According to Petitioner, the instant conviction should have been this third felony conviction for DWI, not his fourth. Petitioner asserts he did not learn of the error until a parole attorney, seeking new business, pointed it out. Petitioner indicates he immediately notified the state court, and the error was corrected. Petitioner contends he could not have discovered this information on his own while he was incarcerated.

## II.  DISCUSSION AND ANALYSIS

A.  Statute of Limitations

Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final, at the latest, on July 20, 2014, at the conclusion of time during which he could have appealed his conviction. *See* TEX. R. APP. P. 26.2(a). If Petitioner had exercised due diligence, the factual predicate of his alleged claim could have been discovered at the time his conviction became final. Therefore, Petitioner had until July 20, 2015, to timely file his federal application. Petitioner did not execute his federal application until October 2, 2018.

Petitioner's state application for habeas corpus relief did not operate to toll the limitations period, because it was filed after the limitations period expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period).

Petitioner alleges no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus application. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). Furthermore, the record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. Accordingly, Petitioner's federal application is time-barred.

B. <u>Merits</u>

Alternatively, Petitioner's application is without merit. The amended indictment provided Petitioner operated a motor vehicle in a public place while he was intoxicated.[2] The indictment listed five previous convictions for driving while intoxicated. Those convictions were in cause numbers 552255, 620797, D1-DC-04-203427, and D1-DC-11-201626 all out of Travis County and cause number 05-887-K368 out of Williamson County. The indictment also alleged two of those previous convictions were felony offenses – cause numbers D1DC11201626 and 05-887-K368.

The Texas Penal Code provides an offense for driving while intoxicated is a third degree felony if the defendant has two prior offenses for driving while intoxicated. *See* Tex. Penal Code § 49.09(b)(2). A third degree felony can be enhanced to a second degree felony if the defendant had previously been finally convicted of a felony, other than a state jail felony. *See* Tex. Penal Code § 12.42(a). The punishment range for a second degree felony is 2-20 years. *See* Tex. Penal Code § 12.33.

Petitioner is correct his instant conviction was his third felony conviction for driving while intoxicated. Petitioner was sentenced to 8 years, within the proper range for a second degree felony. Accordingly, Petitioner is not entitled to habeas corpus relief.

Whether the Parole Board had incorrect information in Petitioner's parole file is a different matter. If this were the case, Petitioner still is not entitled to habeas corpus relief.

The United States Constitution does not create a liberty interest in parole. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Likewise, Texas law makes parole discretionary and does not create a liberty interest in parole that is protected by the Due

---

[2] The amended indictment is attached to this Order as Appendix A.

Process Clause. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995); *see also Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). Because Texas inmates have no protected liberty interest in parole, they cannot have a liberty interest in parole consideration or other aspects of parole procedures. *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) (stating that Texas prisoners cannot mount a challenge against any state parole review procedure on procedural or substantive due process grounds). In *Johnson*, the Fifth Circuit concluded Johnson's allegations that the Texas Board of Pardons and Paroles considers unreliable or even false information in making parole determinations, without more, simply do not assert a federal constitutional violation. *Id.* It is entirely up to each State whether it chooses to create a parole system and the amount of discretion with which it entrusts its parole decisionmakers. Because Petitioner has no liberty interest in obtaining parole in Texas, he has no claim for violation of due process in the procedures attendant to his parole decisions. *Orellana*, 65 F.3d at 31

### III. CONCLUSION

Petitioner's application for writ of habeas corpus is dismissed as time-barred. Alternatively, the application is denied on the merits.

### IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. Id. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.

When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, the Court shall not issue a certificate of appealability.

It is therefore ORDERED that the Application for Writ of Habeas Corpus (DE 1), file-marked October 9, 2018, is DISMISSED WITH PREJUDICE as time-barred and alternatively DENIED on the merits.

It is further ORDERED that a certificate of appealability is DENIED.

**SIGNED** on November 17, 2018.

*[signature]*

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE